UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-24173-CIV-WILLIAMS/MCALILEY

MIGDALIA CABRERA and
JOSE CABRERA,

      Plaintiffs,

vs.

MACY'S FLORIDA STORES, LLC, *et al.*,

      Defendants.

_____/

## ORDER DENYING PLAINTIFFS' MOTION TO STRIKE/*DAUBERT* MOTION

Plaintiffs Migdalia Cabrera and Jose Cabrera filed a Motion to Strike/*Daubert* Motion Regarding Defendants' Expert John Donnelly (the "Motion"), which the Honorable Kathleen M. Williams referred to me for resolution. (ECF Nos. 55, 61). The Motion is fully briefed. (ECF Nos. 84, 90). Having carefully reviewed the parties' memoranda, the pertinent portions of the record and the applicable law, for the reasons explained below the Court denies the Motion.

### I.    BACKGROUND

This is a negligence action arising from injuries that Plaintiff Migdalia Cabrera suffered when she fell on an escalator at a Macy's department store. (ECF No. 1-1). Mrs. Cabrera alleges that the escalator malfunctioned "by violent shaking and/or jerking and/or vibration" which caused her to fall. (*Id*. at 10 ¶ 18(a)). As relevant here, the Court entered a Scheduling Order that set the following deadlines: (i) June 1, 2021 for Defendants to disclose experts,

expert witness summaries and reports,[1] (ii) June 11, 2021 for the parties to exchange rebuttal expert witness summaries and reports, and (iii) August 31, 2021 for the parties to complete all discovery, including expert discovery. (ECF No. 15 at 2).

On June 1, 2021, Defendants filed their Expert Witness List, which timely identified two witnesses and provided expert witness summaries but did not include full expert reports. (ECF No. 35. The Motion challenges one of those witnesses, Mr. Donnelly.

Defendants provided this summary of the "substance" of Mr. Donnelly's opinion this way:

> Mr. Donnelly is an expert in the field of elevators and escalators (vertical transportation equipment) and is a consultant to various types of premises and escalator equipment owners including, but not limited to, entities such as department store operators.

> Mr. Donnelly is expected to testify concerning the mechanical characteristics of escalators such as the escalator at issue and how it operates and is designed to operate. He is expected to testify to the mechanisms within this type of escalator that control its functions, allow it to operate in a specified manner, and prevent it from operating outside of design tolerances. He is also expected to testify concerning code requirements for escalators, the applicability of various codes, and how those codes apply to the facts of this case.

> Mr. Donnelly is expected to testify concerning the maintenance and service records, as well as inspection records, and how those records do not support the claims of plaintiff.

> Mr. Donnelly will testify based on his knowledge and expertise in escalators, his review of testimony in this case, his review of records in this case, his review of written reference materials in his personal library or readily available from online sources, as well as his conversations, consultations, and possibly a site visit

---

[1] The Scheduling Order provides a deadline of May 31, 2021, which was a legal holiday (Memorial Day), and thus the operative deadline is the next day, June 1, 2021. *See* Fed. R. Civ. P. 6(a)(1)(C), (6).

if necessary to obtain confirmation of a particular feature or
function of the escalator.

(*Id*. at 1-2).

After Plaintiffs received Defendants' Expert Witness List, they did not move to compel
Defendants to provide a report for Mr. Donnelly or ask the Court to extend the rebuttal expert
witness disclosure deadline, and that deadline passed without Plaintiffs identifying a rebuttal
expert.

On August 23, 2021, Defendants served their answers to Plaintiffs' Expert
Interrogatories. (ECF No. 85-1). Those answers read, in pertinent part, as follows:

> 2. With regard to the expert witness, please state his/her
> background and education, including but not limited to any
> degrees obtained, and experience which qualifies him/her to
> testify as an expert.
>
> **ANSWER**: **See attached curriculum vitae of John Donnelly**.
>
> 4. Please state in detail the substance of the facts about which the
> expert witness listed above is expected to testify as they relate to
> the escalator.
>
> **ANSWER: See Defendants' Expert Witness List filed June 1,
> 2021.**
>
> 5. Please state in detail the opinion to which the expert witness
> listed above is expected to testify.
>
> **ANSWER: Defendants were not negligent in the maintenance
> of the subject escalator and exercised reasonable care.**
>
> 6. Please give a detailed summary of the methodology, ground
> and/or basis for each opinion stated above in Interrogatory No. 5.
>
> **ANSWER: The expert reviewed all records provided and
> used his education and experience involving similar premises
> and escalators**.

(*Id*. at 2).

On August 25, 2021, Plaintiffs took Mr. Donnelly's deposition. and questioned Mr. Donnelly regarding the opinions he reached in this case. (ECF No. 53). Mr. Donnelly testified that he has "one general opinion" which is "basically the escalator worked as designed, there was nothing wrong with the escalator, and it's my opinion that there was nothing Schindler or Macy's could have done, or should have done that would have prevented the incident." (*Id*. at 16:17-24). Plaintiffs do not challenge this general opinion. Rather, they focus on Mr. Donnelly's opinion about whether the escalator had a handrail speed monitoring device installed at the time of Mrs. Cabrera's accident. He testified that "it's my opinion, with a reasonable degree of certainty, based on my experience from the documents I read that it did." (*Id*. at 47:13-48:4).

When asked to explain the basis of his opinion, Mr. Donnelly testified that the escalator was modernized prior to Mrs. Cabrera's accident, and based upon his knowledge and experience, a handrail speed monitoring device must have been installed because the escalator "has a comb plate impact device, and the speed monitoring device was required before the comb plate impact devices." (*Id*. at 46:6-13). The following exchange is instructive:

> Q: You're saying that because of the fact that there was a left comb plate switch [prior to the accident], there must have been a right handrail monitor in place on [the date of the accident]?
>
> A: Yes, I am.
>
> Q: And why is that?
>
> A: Because of the code.

(*Id*. at 87:10-16).  Mr. Donnelly explained that "whenever you modernize an escalator, you have to bring it up to code that's in effect at that point in time … [which requires inclusion of] all the safety devices that are available at the time of the installation." (*Id*. at 89:7-14). Mr.

Donnelly further explained that "at the time they put the … comb impact device on the escalator, [it] would require me to put all the other devices on the escalator that were required prior to the adoption of that, and the handrail monitoring devices were required before the impact device." (*Id*. at 87:20-88:1). He testified "that's what you do in [the] industry to get the permit and pass the inspection." (*Id*. at 88:5-9). Mr. Donnelly also testified that he reviewed a document "that said they had a handrail speed monitoring issue many, many months after the accident." (*Id*. at 47:19-23). This indicated, to him, that the device had to have been installed at the time of Ms. Cabrera's accident. Mr. Donnelly did not inspect or test the escalator, nor was he aware of a service record reflecting that a right handrail monitor was installed. (*Id*. at 6:6-12, 48:5-7, 89:15-20).

The Motion makes two arguments to bar Mr. Donnelly as an expert witness. First, Plaintiffs argue that Defendants violated Federal Rule of Civil Procedure 26(a)(2)(A) because they failed to provide a written expert report for Mr. Donnelly, and thus, pursuant to Rule 37(c)(1), the Court should exclude his testimony. (ECF No. 55 at 3-4). Second, Plaintiffs rely on the U.S. Supreme Court's decision in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993), to argue that the Court should exclude Mr. Donnelly because (i) he is unqualified, (ii) his opinion is not based on sufficient facts because he failed to inspect the escalator, (iii) his opinion is not based upon a reliable methodology, and (iv) his testimony would be unhelpful to the trier of fact. Defendants dispute each of Plaintiffs' assertions. (ECF No. 84). I address each of Plaintiffs' arguments below.

## II.   ANALYSIS

The Court begins with the threshold question of whether Defendants' failure to provide a report for Mr. Donnelly warrants exclusion of his testimony.

A.      Rule 37

Rule 37(c)(1) of the Federal Rules of Civil Procedure states that if "a party fails to provide information or identify a witness as required by Rule 26(a) … the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R Civ. P. 37(c)(1).  This is a "a self-executing sanction for failure to make a disclosure required by Rule 26(a)." Fed. R. Civ. P. 37(c)(1) advisory committee's note to 1993 amendment. "The main purpose underlying sanctions in Rule 37(c)(1) is to prevent surprise and prejudice to the opposing party." *In re Disposable Contact Lens Antitrust*, 329 F.R.D. 336, 382 (M.D. Fla. 2018). The decision whether to exclude a witness under Rule 37 lies in the Court's discretion. *See Garcia v. Delta Air Lines*, No. 17-23807-Civ, 2019 WL 201255, at *2 (S.D. Fla. Jan. 15, 2019) (citations omitted) ("[T]he Court has discretion in deciding whether to impose sanctions if a party fails to comply with the disclosure requirements [of Rule 26].").

It is undisputed that Defendants violated Rule 26(a), as they readily concede that Mr. Donnelly did not provide a written report as required by Rule 26(a)(2). (ECF No. 84 at 5) ("It is true that Donnelly failed to give a formal report in accordance with Fed. R. Civ. P. 26(a)(2)(A)(i) …."). The relevant question, therefore, is whether Defendants' non-compliance was substantially justified or harmless. Defendants bear the burden to establish this. *See Mitchell v. Ford Motor Co.*, 318 Fed. App'x 821, 824 (11th Cir. 2009) (citation omitted).

Defendants do not argue that their failure to provide an expert report for Mr. Donnelly was substantially justified. In fact, they candidly admit that Mr. Donnelly should have provided a formal report as required by Rule 26(a)(2). (ECF No. 84 at 9). They do argue, however, that the failure was harmless. (*Id*. at 5-10). "A failure to make the required disclosures is harmless

6

when there is no prejudice to the party entitled to receive the disclosure." *Garcia*, 2019 WL 201255 at *2 (citation omitted).

Defendants argue that Plaintiffs suffered no harm because Defendants timely served Plaintiffs with their Answers to Expert Interrogatories and their Expert Witness List, and Plaintiffs, armed with that information, deposed Mr. Donnelly before the discovery deadline. (ECF No. 84 at 5-7). The Court agrees with Defendants to the extent that Plaintiff did have a full opportunity to depose Mr. Donnelly, and the general summary of his expected testimony had some useful information. In contrast, Defendants' Answers to Expert Interrogatories are very disappointing, as they are plainly insufficient. The only valuable information they include is Mr. Donnelly's curriculum vitae. (ECF No. 85-1 at 2).

The Court finds this Motion difficult to resolve because of the failures of both parties. Defendants plainly fell short of their obligation to provide an expert report and meaningful interrogatory response. Yet Plaintiffs do not make clear now how they were harmed by this, nor did they take contemporaneous steps that the Court would expect from a party that had been prejudiced.

For example, the record offers no indication that Plaintiffs were disadvantaged when they took Mr. Donnelly's deposition. Plaintiffs did not move to compel Defendants to provide a written report of Mr. Donnelly before his deposition, or at any time during the discovery period. Plaintiffs did not complain about, or even mention, the absence of a written report when they deposed Mr. Donnelly, (*see* Deposition of John Donnelly, ECF No. 53-1, *generally*), nor did they seek to continue the deposition or re-depose him. In their Motion, Plaintiffs do not argue that Defendants' failure to provide an expert report prejudiced their ability to take Mr.

Donnelly's deposition. More to the point, Plaintiffs do not tell the Court how Defendants' failure to provide a written report for Mr. Donnelly caused them harm.

Plaintiffs offer only the conclusion that "the prejudice is obvious as the Plaintiffs are blindsided with no time to obtain rebuttal opinions from *its own expert*." (ECF No. 55 at 4) (emphasis supplied). Plaintiffs, however, do not have a liability expert witness from whom they might have obtained a rebuttal opinion. (*See* Plaintiffs' Joint Expert Witness List, ECF No. 34) (listing only Mrs. Cabrera's treating medical providers).

The Court also notes that Plaintiffs never notified it that the absence of a written report from Mr. Donnelly prevented them from making an informed decision regarding the need for a rebuttal expert -- and they could have timely done so. That is, as already noted, the deadline for the parties to exchange rebuttal expert witness summaries and reports was June 11, 2021. (ECF No. 15 at 2). Ten days earlier, Plaintiffs had received Defendants' Expert Witness List, which identified Mr. Donnelly and summarized his expected testimony, and, at that time, Plaintiffs knew that Defendants had failed to timely provide an expert report prepared by Mr. Donnelly. (*See* Scheduling Order, ECF No. 15 at 2) (setting deadline of June 1, 2021 for Defendant to disclose expert report). Had Plaintiffs believed they lacked sufficient information to decide whether to retain a rebuttal expert, that would have been the ideal time to let the Court know this. Their failure to take steps to protect themselves from any harm caused by Defendants' actions, undermines their claim of harm now. [2]

---

[2] The Court notes that six (6) days remained in the discovery period when Plaintiffs completed Mr. Donnelly's deposition. There is no indication that Plaintiffs attempted to retain a rebuttal expert within (or even after) this window.

Plaintiffs chose, instead, to wait three months after expert reports were due and one month after discovery closed, to raise the issue. And they do so without any meaningful explanation of how Defendants' failure to provide a written report prejudiced them. Plaintiffs' bald assertion that "[h]arm always occurs when a party fails to disclose by the discovery deadline any initial written report from a retained expert", (ECF No. 90 at 8), is not helpful.[3]

On this record, Defendants have carried their burden to show that their failure to provide a written report from Mr. Donnelly is harmless. *See e.g., Roberts ex rel. Johnson v. Galen of Va., Inc.*, 325 F.3d 776, 783 (6th Cir. 2003) (evidence that movant "knew of the lack of disclosures and ... apparently did not [object or move to compel] may suggest that the[ ] violation[ ] should be considered substantially justified or harmless."); *Rossi v. Darden*, No. 16-21199-CIV, 2017 WL 2129429, at *4 (S.D. Fla. May 17, 2017) (failure to provide written report of expert harmless because "Plaintiffs may not delay in challenging a Rule 26 violation and then seek the most extreme of sanctions in a *Daubert* motion filed after the proper time for challenging discovery violations has expired."). Accordingly, the Court denies Plaintiffs' motion, under Rule 37, to preclude Mr. Donnelly's testimony at trial.

As a final note, were Mr. Donnelly to offer opinions at trial that he did not disclose at his deposition, that would unfairly prejudice Plaintiffs and cause disruption at trial.

---

[3] The Court recognizes the Eleventh Circuit's decision in *United States ex rel. TVA v. Easement & Right-of-Way Over 4.42 Acres of Land in Whitfield Cnty, Georgia*, which affirmed exclusion of a defense expert who failed to provide an expert report in compliance with Rule 26(a)(2). 782 Fed. App'x 945 (11th Cir. 2019). The facts in that case are quite different, because the defendant there did not provide "in whole or in part his expert disclosures" and the defendant's untimely disclosure prevented the plaintiff from taking the expert's deposition before the close of discovery. *Id.* at 948, 951. Here, by contrast, Defendants timely provided partial expert disclosures, namely a summary of Mr. Donnelly's expected testimony and his curriculum vitae, and Plaintiffs took Mr. Donnelly's deposition within the discovery period.

Accordingly, the Court **ORDERS** that Mr. Donnelly's trial testimony will be confined to the opinions he expressed at his deposition.

    B.    <u>Exclusion Under *Daubert*</u>

The Court turns now to Plaintiffs' argument that Mr. Donnelly should be excluded pursuant to the Supreme Court's decision in *Daubert v. Merrell Dow Pharm. Inc.*, 509 U.S. 579 (1993).

    1.    <u>Legal Standard</u>

The admissibility of expert testimony is governed by Federal Rule of Evidence 702 and the principles announced in *Daubert*. Rule 702 states:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>
> (b) the testimony is based on sufficient facts or data;
>
> (c) the testimony is the product of reliable principles and methods; and
>
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court in *Daubert* instructed district courts to act as a gatekeeper to ensure that an expert's testimony is both reliable and relevant before it can be admitted under Rule 702. *Daubert*, 509 U.S. at 597. Although the *Daubert* Court considered only scientific evidence, the Court extended its ruling to testimony based on technical and other specialized knowledge, in *Kumho Tire Co. Ltd., v. Carmichael*, 526 U.S. 137, 141 (1999). The ultimate

objective of this gatekeeping function is "to make certain that an expert, whether basing testimony upon professional studies or personal experience, employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire*, 526 U.S. at 152.

The Eleventh Circuit Court of Appeals set forth a "rigorous three-part inquiry" that courts must engage in to perform their gatekeeping function. *United States v. Frazier*, 387 F.3d 1244, 1260 (11th Cir. 2004). Specifically, courts must consider whether: "(1) the expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in *Daubert*; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue." *Id*. (citation omitted). The Eleventh Circuit refers to these as the "qualifications," "reliability," and "helpfulness" inquiries. *Id*.

When conducting its *Daubert* analysis, the court must focus "solely on the principles and methodology [that experts employ], not on the conclusions they generate." *Allison v. McGhan Medical Corp.*, 184 F. 3d 1300, 1312 (11th Cir. 1999). "[I]t is not the role of the district court to make the ultimate conclusions as to the persuasiveness of the proffered evidence." *Quiet Tech. DC-8, Inc. v. Hurel-Dubois UK Ltd.*, 326 F.3d 1333, 1341 (11th Cir. 2003). Defendants, as the proponent of the expert testimony, must demonstrate by a preponderance of the evidence that the testimony is admissible. *Allison*, 184 F.3d at 1306. The decision whether to admit or exclude expert testimony is within the court's discretion, and the court enjoys "considerable leeway" when determining the admissibility of such testimony. *Cook v. Sheriff of Monroe County, Fla.*, 402 F.3d 1092, 1103 (11th Cir. 2005).

2.      Qualifications

Plaintiffs do not argue that Mr. Donnelly lacks sufficient education, training, or experience to serve as an expert. Rather, Plaintiffs contend that Mr. Donnelly is unqualified to render opinions in this case because he "never examined the escalator" and has testified as an expert in "only 3 confirmed escalator cases …." (ECF No. 55 at 11).

Regarding the first criticism, whether Mr. Donnelly inspected the escalator is more properly directed to the reliability of his opinion, rather than his qualifications to render an opinion. *See Quiet Technology DC-8, Inc*, 326 F.3d at 1341 ("Importantly, although there is some overlap among the inquiries into an expert's qualifications, the reliability of his proffered opinion and the helpfulness of that opinion, these are distinct concepts that courts and litigants must take care not to conflate.").

Plaintiffs' second criticism is also unavailing. The fact that Mr. Donnelly has not testified as an expert in many cases does not detract from his qualifications. Indeed, a witness's lack of prior experience serving as an expert does not "render him any less qualified" because "[e]very expert found to be qualified by a court must be so designated a first time." *Id*. at 662. Plaintiffs offer no explanation or legal authority to support their conclusory assertion.

The inquiry into an expert's qualifications "is not stringent and so long as the expert is minimally qualified, objections to the level of the expert's expertise go to credibility and weight, not admissibility." *Clena Investments, Inc. v. XL Specialty Ins. Co*., 280 F.R.D. 653, 661 (S.D. Fla. 2012) (citations omitted). The Court has reviewed Mr. Donnelly's curriculum vitae, as well as his deposition testimony, and is satisfied that he meets the "qualifications" requirement of *Daubert*.

3.     Reliability

Plaintiffs argue that Mr. Donnelly's opinion discussed above, namely that the escalator had a handrail monitoring system at the time of Mrs. Cabrera's accident, is unreliable for two reasons: (1) it is based upon insufficient facts because Mr. Donnelly did not inspect the escalator and (2) Mr. Donnelly failed to use any scientific methodology. (ECF No. 55 at 4-14). The Court is not persuaded.

"The fact that an expert did not personally inspect the scene of an incident or physically inspect all allegedly defective products is not by itself determinative [of reliability under *Daubert*]; physical inspections are not necessarily required." *Companhia Energetica Potiguar v. Caterpillar Inc.*, No. 14-242777-CIV, 2017 WL 10775768, at *6 (S.D. Fla. June 12, 2017); *see also Hendrix v. Evenflo Co., Inc.*, 255 F.R.D. 568, 586 (N.D. Fla. 2009) (citing *Cummins v. Lyle Indus.*, 93 F.3d 362, 369 (7th Cir. 1996)) ("Physical testing is not an absolute prerequisite to the admission of expert testimony."). Mr. Donnelly explained the basis of his opinion, which is grounded in his industry experience and review of documents regarding the escalator at issue, including documents that indicate the presence of a left comb plate switch and that, after Plaintiff's accident, there was an issue with the handrail speed monitoring system.

Plaintiffs' argument that Mr. Donnelly's opinion is "irreparably incomplete" because he did not inspect the escalator, goes more to the weight of his opinion, rather than its reliability, and Plaintiff can address this through cross-examination at trial. *See McLean v. 988011 Ontario, Ltd.*, 224 F.3d 797, 801 (6th Cir. 2000) ("Mere weaknesses in the factual basis of an expert witness' opinion…bear on the weight of the evidence rather than on its admissibility."); *Rahmings v. Essary*, No. 10-cv-716, 2012 WL 12910264, at *4 (M.D. Fla.

13

Feb. 3, 2012) ("The fact that [expert] himself conducted no experiments and based his conclusion on photographs from the accident scene will no doubt affect the weight the jury gives to the testimony, but does not render his testimony inadmissible."); *Ostroski v. United States*, No. 06-80327-CIV, 2007 WL 9701868 at *2 (S.D. Fla. Aug. 23, 2007) ("Any claimed weakness in the factual basis for [expert's] conclusion…goes at best to weight and credibility, and can certainly be explored on cross examination.").

As for Mr. Donnelly's methodology, Plaintiffs assert, without any elaboration, that Mr. Donnelly "failed to identify, much less apply, a reliable methodology to arrive at his opinions." (ECF No. 55 at 13). Plaintiffs offer no meaningful analysis, leaving it to the Court to speculate how Mr. Donnelly's opinion is unreliable. Their criticism that Mr. Donnelly's opinion "lacks any scientific methodology" is not a basis to find his opinion unreliable. A district court "may determine the reliability prong under *Daubert* based primarily upon an expert's experience and general knowledge in the field …." *Kilpatrick v. Breg, Inc*., 613 F.3d 1329, 1336 (11th Cir. 2010). When an expert testifies based upon specialized experience, as here, a reliable methodology means that the expert "must explain how [his] experience leads to the conclusion reached, why that experience is a sufficient basis for the opinion, and how that experience is reliably applied to the facts." Fed. R. Evid. 702 advisory committee's note (2000 amends.); *U.S. v. Frazier*, 387 F.3d 1244, 1261 (11th Cir. 2004). Plaintiffs make no argument that Mr. Donnelly failed to meet this standard.

### 4. Helpfulness

"For testimony to satisfy the third requirement – assisting the trier of fact – the testimony must concern matters that are beyond the understanding of the average lay person." *Edwards v. Shanley*, 580 Fed. App'x 816, 823 (11th Cir. 2014) (citation omitted). The inquiry

"goes primarily to relevance. Expert testimony which does not relate to any issue in the case is not relevant and, ergo, non-helpful." *Daubert*, 509 U.S. at 591.

Plaintiffs do not contend that Mr. Donnelly's opinion is within the understanding of an average lay person, or that his opinion concerns an issue that is not relevant to this case. Instead, Plaintiffs argue that Mr. Donnelly's testimony is unhelpful because his opinion is speculative, based upon limited documentation and contradicts the testimony of the technician who worked on the escalator at issue. (ECF No. 55 at 14). Plaintiffs again offer no explanation to support these conclusory assertions. In addition, such perceived weaknesses in Mr. Donnelly's opinion are appropriately addressed through cross-examination. *Daubert*, 509 U.S. at 596 ("[V]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").

## III.    CONCLUSION

For the foregoing reasons, the Court hereby **ORDERS** that Plaintiffs' Motion to Strike/*Daubert* Motion Regarding Defendants' Expert John Donnelly (ECF No. 55), is **DENIED**.

DONE AND ORDERED in chambers at Miami, Florida, this 29th day of November 2021.

CHRIS MCALILEY
UNITED STATES MAGISTRATE JUDGE

cc: Honorable Kathleen M. Williams
    Counsel of Record

15